ADRIANNA S. FIELDS

*v.*

WILLIAM KELLY et al.

[Decided November 2d, 1921.]

1. Under the Martin act (*4 Comp. Stat. p. 5212 et seq.*) notice to redeem served on the owner was binding on a mortgagee who later obtained a deed in foreclosure.

2. The right of possession of a purchaser at a tax sale November 1st, 1897, carried with it a right of entry which accrued more than twenty years before the suit, and the failure to exercise such right against the complainant's possession since May, 1898, was barred under *3 Comp. Stat. p. 3169.*

3. In a suit to quiet title where no evidence was offered by the purchaser at a tax sale explaining or accounting for the delay in making entry for twenty years, the presumption of payment is conclusive.

On bill to quiet title.

*Messrs. Edwards & Smith,* for the complainant.

*Mr. Randolph Perkins,* for the defendant William Kelly.

*Mr. John F. Gough,* for the defendants John Kelly and others.

FIELDER, V. C. •

This is a bill to quiet title filed May 25th, 1920. Under foreclosure of a mortgage held by John J. Fields, a lot situate in Jersey City, with dwelling-house thereon, was sold April 14th, 1898, by the sheriff of Hudson county to Fields, whose deed from the sheriff was recorded May 7th, 1898. At a tax sale held November 1st, 1897, under the provisions of the Martin act (*P. L. 1886 p. 149; Comp. Stat. p. 5205*), the city of Jersey City sold the premises in question to John T. Dillon for $747.54. Fields died in 1910, having been in continuous, open and exclu-

sive possession of the premises since receiving the sheriff's deed, collecting rent therefrom, making repairs thereto and paying taxes and water rents levied thereon, and the complainant, as devisee under his will, continued in such possession from Fields' death to the filing of her bill of complaint. Dillon died intestate in 1907 and the defendants to this suit are his next of kin and heirs-at-law.

In March, 1898, Dillon caused notice to redeem to be served on the then owner or owners of the premises and upon others having interests therein or liens thereon, which notice was addressed to Fields (among others). The proof of service filed in the city clerk's office shows that the notice was served on the parties to whom it was addressed, except Fields, as to him there being no proof of service on file. No further proceedings were had under the tax sale and no deed was given by Jersey City to Dillon. Complainant seeks to have the cloud on her title through this tax sale removed.

Referring to the Martin act with its amendments and supplements, as found in the *Compiled Statutes,* commencing at page 5205, the pertinent sections are 312, 313, 320, 329, 353 and 354. They provide that upon surrender of the certificate of sale and proof of service of notice to redeem on the owner and mortgagee, the purchaser, after the expiration of six months from the service of notice, shall be entitled to a deed from the city and shall take title in fee-simple, of which title the deed shall be presumptive evidence; provided, that in case of a sale for taxes accruing after the passage of the act (which I assume is the instant case), no deed shall be given until one year after the sale. Any person having an estate in, or mortgage upon, the land and premises sold, may, at any time before a deed is delivered, redeem from the tax sale. The purchaser shall be entitled to possession immediately upon giving notice to redeem, if the land and premises are unoccupied, or if occupied, then within thirty days thereafter and shall have the assistance of the courts to place him in possession. When proof of service of notice to redeem on an owner or mortgagee has been duly filed, anyone claiming through the person served shall be bound by the notice served. In case any person interested, who is entitled to notice to redeem has not

been served with notice and a deed has been given the purchaser, the unnotified party may still be served, and failing to redeem, a supplemental deed may be given the purchaser.

Notwithstanding Dillon's failure to serve notice to redeem on Fields, whose interest in March, 1898, was as mortgagee, Fields was bound by notice served on the owner because Fields' title came through foreclosure sale of the owner's interest. Dillon had the right to take possession thirty days after the service of notice to redeem on the owner, or, in April, 1898, and if need be, he could then have applied to the courts to be put in possession; and he was entitled to hold possession against every one served with or bound by notice to redeem, until the premises should be redeemed from the tax sale. One year after the sale, or in November, 1898, he was entitled to a deed as evidence of a title in fee-simple and of his right to possession as absolute owner. Dillon's right to possession carried with it a right of entry which accrued more than twenty years before filing the bill of complaint herein, which right of entry is of the character referred to in section 16 of an act for the limitation of actions. *Comp. Stat. p. 3169.* The continuous possession of Fields and complainant, since May, 1898, was open, adverse and hostile to Dillon and the defendants, and he and they having failed to make entry within the period limited by the statute, their right is now barred and cannot affect complainant's title. *Beatty* v. *Lewis, 68 Atl. Rep. 95; Gosman* v. *Pfistner, 80 N. J. Eq. 432; Abell* v. *Friedman, 90 N. J. Eq. 339.*

If the notice to redeem was ineffectual because service was not made on Fields, and if, therefore, Dillon had no right of possession under it, then he and the defendants had nothing more than a lien upon the premises in question (*Burgin* v. *Rutherford, 56 N. J. Eq. 666. 852; Bushey* v. *National Bank, 72 N. J. Eq. 466; affirmed, 75 N. J. Eq. 296; Abell* v. *Friedman, supra*), and defendants are met by the rule at law and in equity that unless the delay for twenty years in enforcing their lien is satisfactorily accounted for or explained, presumption of payment is conclusive and cannot be rebutted simply by proof that the lien is uncanceled, and, therefore, presumably, unpaid. *Gulick* v. *Loder, 13 N. J. Law 68; Parisen* v. *New York and Long Branch*

*Railroad, 65 N. J. Law 413; Bird's Administrator* v. *Inslee's Executors, 23 N. J. Eq. 363; Magee* v. *Bradley, 54 N. J. Eq. 326; Blue* v. *Everett, 55 N. J. Eq. 329; affirmed, 56 N. J. Eq. 455; Congregational Church* v. *Benedict, 59 N. J. Eq. 136; Matthews* v. *Kelly, 70 N. J. Eq. 796.* There being no evidence offered to explain the delay in enforcing the lien, the presumption is that it has been paid.